1  MAYER BROWN LLP
   BRONWYN F. POLLOCK (SBN 210912)
2    *bpollock@mayerbrown.com*
   C. MITCHELL HENDY (SBN 282036)
3    *mhendy@mayerbrown.com*
   350 South Grand Avenue, 25th Floor
4  Los Angeles, California  90071-1503
   Telephone:  (213) 229-9500
5  Facsimile:   (213) 625-0248
6
7  *Attorneys for Defendants*

8              **UNITED STATES DISTRICT COURT**

9              **NORTHERN DISTRICT OF CALIFORNIA**

10                 **SAN FRANCISCO DIVISION**

11

12 | MARTHA COOPER and DANIEL COOPER on behalf of themselves and all others similarly situated, | Case No. 3-20-cv-8569 |
   |---|---|
   |  | San Francisco Superior Court Case No. CGC-20-587185 |
   | Plaintiffs, |  |
   | vs. | **NOTICE OF REMOVAL BY DEFENDANTS GENERALI GLOBAL ASSISTANCE, INC. AND GENERALI US BRANCH PURSUANT TO 28 U.S.C. §§ 1332(d), 1441, 1446, AND 1453** |
   | GENERALI GLOBAL ASSISTANCE, INC. (a.k.a. CSA Travel Services) and GENERALI U.S. BRANCH (a.k.a. Generali Assicurazioni Generali S.p.A. (U.S. Branch)), |  |
   | Defendants. |  |

TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFFS AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendants Generali Global Assistance, Inc. ("GGA") and Generali US Branch ("GUSB") (collectively, "Defendants") hereby remove to this Court the state-court action described below.

### STATEMENT OF JURISDICTION

This is a civil action for which this Court has original jurisdiction under 28 U.S.C. § 1332(d)(2)(A), and for which removal to this Court is appropriate pursuant to 28 U.S.C. §§ 1441, 1446, and 1453, as discussed in more detail below.

### BASIS FOR REMOVAL: CLASS ACTION FAIRNESS ACT

1.  On August 2, 2020, Plaintiffs Martha Cooper and Daniel Cooper filed a putative class action complaint against GGA and GUSB in the Superior Court of the State of California, County of San Francisco, initiating Case Number CGC-20-587185.

2.  On November 3, 2020, GGA was served with a summons and the complaint. GGA did not issue any travel insurance policy to plaintiffs nor did it have any role in administering travel insurance or assistance services, and it was not involved in any way with Plaintiffs' Policy at issue in this action. Plaintiffs also wrongly named GGA's a/k/a as "CSA Travel Protection."[1]

3.  GGA and GUSB were served pursuant to California Code of Civil Procedure § 415.30(c) on November 30, 2020.

4.  Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon GGA are attached to this Notice of Removal as Exhibit 1.

5.  This Notice has been timely filed pursuant to 28 U.S.C. § 1446(b).

6.  The Superior Court of the State of California, County of San Francisco, is located within the Northern District of California, San Francisco Division. 28 U.S.C. § 84(a). This Notice of Removal is therefore properly filed in this Court pursuant to 28 U.S.C. § 1441(a).

---

[1] CSA Travel Protection and Insurance Services is a d/b/a for Generali Global Assistance & Insurance Services, which is a d/b/a for Customized Services Administrators, Inc.

7. Plaintiffs allege that they purchased a travel insurance policy from Defendants in January 2020 "to protect themselves against the loses [sic] they would incur if their June 15, 2020 trip from their home in San Francisco, California to Istanbul, Turkey was cancelled." Compl. ¶ 3. Plaintiffs allege that Defendants "wrongfully refused to pay trip cancellation benefits due under the policies" when they cancelled their planned trip to Istanbul due to the government orders issued to reduce the spread of COVID-19. *See id.* ¶¶ 6-7. Plaintiffs assert five causes of action for alleged (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, (3) public injunctive relief and declaratory relief regarding foreseeability pursuant to California Business and Professions Code § 17203, (4) public injunctive relief and declaratory relief regarding "other issues," and (5) violations of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq. Id.* ¶¶ 71-112.

8. The Court has jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), which amended 28 U.S.C. § 1332 to grant federal district courts original jurisdiction over putative class actions with 100 or more class members, where the aggregate amount in controversy exceeds $5 million, and where any member of the class of plaintiffs is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(1), (2). As set forth below, this action satisfies each of these requirements for original jurisdiction under CAFA.

9. **Covered Class Action.** This action meets CAFA's definition of a class action, which is "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B); *see* 28 U.S.C. § 1453(a). The putative class action complaint in this case satisfies this requirement. *See* Compl. ¶¶ 51-70.

10. **Class Action Consisting of More Than 100 Members.** For purposes of removal, the Court looks to a plaintiff's allegations respecting class size. *See Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013). Plaintiffs seek certification of a class of "persons who purchased travel insurance from Defendants during the period beginning four years prior to the filing of this action and continuing until March 11, 2020 (the 'Class Period')," and who "(i) during the Class Period and while residing in California, purchased travel insurance

including coverage for trip cancellations from Defendants; (ii) incurred out of pocket costs in connection with the trips for which they purchased insurance; (iii) were prevented from taking their trips by the California Shelter-In-Place Order and/or a similar shelter-in-place order issued by any local California government; and (iv) have not received payment of trip cancellation benefits from Defendants." Compl. ¶ 52. The Complaint alleges that "there are many hundreds of persons in the Class." *Id.* ¶ 65. Accordingly, based on the complaint's allegations, the aggregate number of putative class members is at least 100 persons, as required by 28 U.S.C. § 1332(d)(5)(B). *See also* Declaration of Karl Zurlage ("Zurlage Decl.") ¶ 3.

11. **The Parties Are Minimally Diverse.** CAFA requires minimal diversity, that is, at least one putative class member must be a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2)(A). Defendant GUSB maintains its principal place of business in New York, New York and is domiciled in the State of New York. Compl. ¶ 13. GUSB therefore is a citizen of New York within the meaning of 28 U.S.C. § 1332(c)(1), which provides that "a corporation shall be deemed to be a citizen of any State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." Plaintiffs are citizens of California. Compl. ¶¶ 10-11. The minimal diversity requirement under 28 U.S.C. § 1332(d)(2)(A) is satisfied.

12. **The Amount in Controversy Exceeds $5 Million.** Under CAFA, the claims of the individual class members are aggregated to determine if the amount in controversy exceeds the required "sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2), (d)(6); *see also Rainero v. Archon Corp.,* 844 F.3d 832, 838-39 (9th Cir. 2016), citing *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013) ("Under § 1332(d)(2), a federal court may exercise diversity jurisdiction over a class that has more than 100 members who are minimally diverse and whose aggregated claims exceed $5 million."). "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). While Defendants deny the claims alleged in Plaintiffs' complaint and further deny that Plaintiffs or any putative class member is entitled to any monetary or other relief, the amount in

1  controversy here satisfies the jurisdictional threshold for the reasons discussed below.

2        13.    Plaintiffs allege that "Defendants have wrongfully refused to pay trip cancellation
3  benefits due under the policies they sold to the Coopers and similarly situated Californians."
4  Compl. ¶ 7.  Plaintiffs allege that the insurance policy purchased from Defendants included "trip
5  cancellation insurance, with trip cancellation benefits in the amount of $1,644.57." *Id.* ¶ 21.
6  Plaintiffs allege that they paid a total of $1,915.42 for their Istanbul trip but incurred a loss of
7  $147.51 because they "were able to obtain a refund of $1,644.57." *Id.* ¶ 48.  However, Plaintiffs
8  do not allege that other putative class members were able to obtain refunds, and so the full
9  amount of aggregate trip cancellation benefits is "in controversy" for purposes of CAFA.
10 *Compare Lewis*, 627 F.3d at 400 (holding that where putative class members pursue restitution
11 for alleged unauthorized billings, "the entire amount of the billings," not just unauthorized
12 billings, is "in controversy" for purposes of CAFA jurisdiction).

13       *14.*    According to GUSB's records, the aggregate insured amount of trip cancellation
14 benefits for California policyholders with trips scheduled to begin after March 19, 2020—the date
15 of the government orders that Plaintiffs contend are relevant (California Governor Gavin
16 Newsom's Executive Order N-33-20 and Order of the State Public Health Officer)—exceeds $5
17 million.  *See* Zurlage Decl. ¶ 3.

18       15.    Plaintiffs also seek attorneys' fees, punitive damages, and injunctive relief, which
19 further supports a finding that the $5 million amount in controversy is satisfied here.  *Fritsch v.*
20 *Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018) (calculation of the amount in
21 controversy "includes damages (compensatory, punitive, or otherwise), the costs of complying
22 with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract.").

23       16.    For these reasons, the amount in controversy exceeds $5 million.  *See Dart*
24 *Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("[A] defendant's notice
25 of removal need include only a plausible allegation that the amount in controversy exceeds the
26 jurisdictional threshold."); *see also Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 964 (9th Cir.
27 2020) ("[A] defendant 'may simply allege or assert that the jurisdictional threshold has been met,'
28 and . . . a removing defendant's notice of removal 'need not contain evidentiary submissions but

only plausible allegations of jurisdictional elements.'") (quoting *Dart*, 574 U.S. at 88; *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019)).

### NOTICE TO ADVERSE PARTIES AND STATE COURT

17. In accordance with 28 U.S.C. § 1446(d), Defendants will promptly file in the Superior Court of the State of California, County of San Francisco, and serve Plaintiffs with a copy of a Notice to the Superior Court and to Plaintiffs of Filing of Notice of Removal of Action Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453 in the form of Exhibit 2, which is incorporated by reference.

### CONCLUSION

18. Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendants hereby remove this action from the Superior Court of the State of California, County of San Francisco, to the United States District Court for the Northern District of California, San Francisco Division.

Dated: December 3, 2020

Respectfully submitted,

MAYER BROWN LLP
BRONWYN F. POLLOCK
C. MITCHELL HENDY

By: */s Bronwyn F. Pollock*
     Bronwyn F. Pollock

*Attorneys for Defendants*

5
DEFENDANTS' NOTICE OF REMOVAL; CASE NO.3-20-CV-8569