# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: GENERALI COVID-19 TRAVEL
INSURANCE LITIGATION                                                MDL No. 2968

## TRANSFER ORDER

**Before the Panel**:[*]  Plaintiffs in a Northern District of California action (*Cooper*) move under Panel Rule 7.1 to vacate the order conditionally transferring their action, which is listed on Schedule A, to MDL No. 2804.  Defendants Generali Global Assistance, Inc., and Generali U.S. Branch (collectively, Generali) oppose the motion.

After considering the arguments of counsel, we find this action involves common questions of fact with the actions previously transferred to MDL No. 2968, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.  Moreover, transfer is warranted for the reasons set forth in our order directing centralization.  In that order, we held that the Southern District of New York was an appropriate Section 1407 forum for actions sharing "factual issues arising from Generali travel insurance coverage" that consumers typically purchased alongside rental housing on vacation rental websites. *In re Generali COVID-19 Travel Ins. Litig.*, No. MDL 2968, 2020 WL 7382300, at *1 (J.P.M.L., Dec. 15, 2020).  MDL plaintiffs "contend that they were unable to travel during the COVID-19 pandemic and cancelled their trips. Generali allegedly has denied coverage under the policies, which appear to be a part of a common form." *Id.*  The *Cooper* plaintiffs purchased and were denied coverage under a Generali travel insurance policy.  They seek to represent a putative California class of purchasers of Generali travel insurance.  *Cooper* therefore falls within the MDL's ambit.

Plaintiffs move to vacate the conditional transfer order, principally by arguing that federal jurisdiction is lacking over their case.  They alternatively request that we stay transfer pending a ruling on their motion to remand to state court.  We are not persuaded by these arguments.  The Panel has held that such jurisdictional objections generally do not present an impediment to transfer.[1]  *See, e.g., In re: Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346,

---

[*]  Judge Catherine D. Perry did not participate in the decision of this matter.

[1] Moreover, under Panel Rule 2.1(d), the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending.  Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so.



A CERTIFIED COPY
RUBY J. KRAJICK, CLERK
BY
Deputy Clerk

-2-

1347 (J.P.M.L. 2001) ("[R]emand motions can be presented to and decided by the transferee judge.").

Plaintiffs also argue against transfer that they bring unique claims for injunctive relief under California law. But these arguments are unpersuasive because there is significant factual overlap between *Cooper* and the MDL actions.[2] California law and a putative California class already is under consideration in the MDL. The consolidated amended MDL complaint, filed on February 26, 2021, also contains alternative class allegations on behalf of residents of each of the 50 states. Finally, while plaintiffs themselves may experience some inconvenience litigating outside of California, the Panel "look[s] to the overall convenience of the parties and witnesses, not just those of a single plaintiff or defendant in isolation." *In re Watson Fentanyl Patch Prods. Liab. Litig.*, 883 F. Supp. 2d 1350, 1351–52 (J.P.M.L. 2012). Defendants are based in the Southern District of New York, counsel likely will be able to participate by telephone and videoconference, and there is otherwise no compelling reason for plaintiffs in *Cooper* not to join the other actions against Generali in the MDL proceedings.

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable John G. Koeltl for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

Nathaniel M. Gorton     Matthew F. Kennelly
David C. Norton     Roger T. Benitez
Dale A. Kimball

---

[2] *See In re M3Power Razor Sys. Mktg. & Sales Practices Litig.*, 398 F. Supp. 2d 1363, 1364–65 (J.P.M.L. 2005) ("The presence of differing legal theories is outweighed when the underlying actions, such as the actions here, arise from a common factual core. Transfer under Section 1407 will offer the benefit of placing all actions in this docket before a single judge who can structure pretrial proceedings to accommodate all parties' legitimate discovery needs while ensuring that the common party and witnesses are not subjected to discovery demands that duplicate activity that will or has occurred in other actions.").

**IN RE: GENERALI COVID-19 TRAVEL
INSURANCE LITIGATION**  MDL No. 2968

**SCHEDULE A**

<u>Northern District of California</u>

COOPER, ET AL. v. GENERALI GLOBAL ASSISTANCE, INC., ET AL.,
  C.A. No. 3:20-08569